## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

THOMAS TYREE TYLER,
*Prisoner Identification No. 402-497,*

      Petitioner,

      v.

RICHARD J. GRAHAM, Jr., *Warden*, and
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND,

      Respondents.

Civil Action No. TDC-14-3144

### MEMORANDUM OPINION

Thomas Tyree Tyler, currently confined at the Western Correctional Institution in Cumberland, Maryland, has filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition challenges Tyler's 2012 conviction in the Circuit Court for Prince George's County, Maryland for conspiracy to commit first-degree murder. Respondents filed an Answer to the Petition seeking dismissal of the Petition based on failure to exhaust available state court remedies pursuant to 28 U.S.C. § 2254(b). For the reasons set forth below, the Petition is dismissed without prejudice.

### BACKGROUND

On December 2, 2011, Tyler was convicted by a jury in the Circuit Court for Prince George's County, Maryland of conspiracy to commit first-degree murder. On March 7, 2012, he was sentenced to life imprisonment with all but 60 years suspended. With the assistance of counsel, Tyler filed an appeal to the Court of Special Appeals of Maryland, arguing that the trial court erred by: (1) denying Tyler's request for a special jury instruction on the identification of

the defendant; (2) denying Tyler's motion *in limine* to exclude identification testimony and Tyler's later motion for a mistrial after two witnesses, who had not been disclosed as identification witnesses prior to trial, identified Tyler in court; (3) denying Tyler's challenge to the State's alleged systematic pattern of discriminatory preemptory challenges; and (4) denying Tyler's motion for judgment of acquittal based on insufficient evidence. On March 26, 2013, the Court of Special Appeals affirmed Tyler's conviction in an unreported opinion. *Tyler v. State*, No. 0195 (Md. Ct. Spec. App. Mar. 26, 2013). Tyler filed a petition for writ of certiorari to the Court of Appeals of Maryland, which was denied on July 5, 2013. *Tyler v. State*, 69 A.3d 477 (table) (Md. 2013). Tyler filed the present federal Petition on October 1, 2014. At the time he filed this Petition, Tyler was drafting but had not yet filed a state petition for post-conviction relief. On January 5, 2015, Tyler filed a petition for post-conviction relief in the Circuit Court for Prince George's County, Maryland, which remains pending.

## DISCUSSION

In his Petition to this Court, Tyler alleges ineffective assistance of counsel and asserts that his trial counsel failed to prepare for a pretrial hearing about, or obtain an expert witness on, witness identification; failed to investigate and impeach a State witness, Antwone Brown; and failed to make proper and specific arguments on his motion for judgment of acquittal. Tyler also alleges that his counsel was ineffective for failing to "raise meritorious issues" on appeal. Pet. 10, ECF No. 1. The Government argues that the Petition should be dismissed because Tyler's claims have not been raised in state court, so he has not exhausted all available state court remedies as required by 28 U.S.C. § 2254(b)(1).

2

## I.    Exhaustion of State Remedies

A prisoner seeking habeas relief in federal court must exhaust each claim by first pursuing the remedies available in state court. 28 U.S.C. § 2254(b)(1) (2012); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(c).

For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal in non-capital cases, a defendant must assert it in an appeal to the Court of Special Appeals of Maryland and then to the Court of Appeals of Maryland by way of a petition for a writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc, §§ 12-201, 12-301 (West 2011). To exhaust a claim through post-conviction proceedings, a defendant must assert it in a petition filed in the Circuit Court where the inmate was convicted within 10 years of the date of sentencing. *See* Md. Code Ann., Crim. Proc. §§ 7-101 to -103 (West 2011). After a decision on a post-conviction petition, further review is available through an application for leave to appeal filed with the Court of Special Appeals. *Id.* § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202. If the application is granted, but relief on the merits of the claim is denied, a prisoner must file a petition for writ of certiorari to the Court of Appeals of Maryland. *See Williams v. State*, 438 A.2d 1301, 1304-05 (Md. 1981).

Here, Tyler's Sixth Amendment claims are unexhausted because they may be raised on state post-conviction review. *See Moseley v. State*, 836 A.2d 678, 684-85 (Md. 2003) ("[A] post-conviction proceeding pursuant to the Maryland Uniform Post Conviction Procedure Act is the most appropriate way to raise the claim of ineffective assistance of counsel." (footnote and

3

internal citation omitted)).  Since the filing of his federal Petition, Tyler filed such a state petition

for post-conviction relief on January 5, 2015, which remains pending.  Because Tyler has yet to

exhaust his state court remedies before the highest court with jurisdiction to consider the claims,

the Petition is subject to dismissal for lack of exhaustion.  *See* 28 U.S.C. § 2254(b)(1).

Nevertheless, Tyler argues that his Petition should be stayed and held in abeyance until

the state court completes its review of his ineffective assistance claims.  Although such a remedy

is available, "stay and abeyance should be available only in limited circumstances." *Rhines v.*

*Weber*, 544 U.S. 269, 277 (2005).  Frequent use of "stay and abeyance" would undermine the

objectives of Congress, in enacting the Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA), Pub. L. No 104-132, 110 Stat. 1214, of encouraging finality and streamlining habeas

proceedings.  *Rhines*, 544 U.S. at 277.  A stay and abeyance is therefore only appropriate where

there is "good cause for the petitioner's failure to exhaust his claims first to the state courts," the

petitioner's "unexhausted claims are potentially meritorious," and there is no indication that the

petitioner engaged in "abusive litigation tactics or intentional delay." *Id.* at 277-78.

Here, Tyler has provided no "good cause" for his failure to first file his state post-

conviction petition.  Tyler has asserted that he was held on a detainer at an unknown location,

but that detainer was lifted on November 27, 2013 and thus would not have prevented him from

filing a state post-conviction petition before he filed his federal petition on October 1, 2014.

Such a state post-conviction petition would have tolled the one-year limitations period for filing

a federal petition.  *See* 28 U.S.C. § 2244(d)(2).  Nor has he provided reason to conclude that his

unexhausted claims, based on ineffective assistance of counsel, are potentially meritorious,

particularly where a review of the briefs submitted on appeal on his behalf indicate that trial and

4

appellate counsel represented Tyler competently and zealously. Accordingly, the Court finds that granting a stay and abeyance in this case is not warranted.

## II.   Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.* at 478.

Here, Tyler's claims are dismissed on procedural grounds, and this Court finds that Tyler has not made the requisite showing to warrant a certificate of appealability. The Court therefore declines to issue a certificate of appealability. Tyler may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, it is hereby ordered that the Petition for Writ of Habeas Corpus is dismissed without prejudice as unexhausted, and the Court declines to issue a certificate of appealability. A separate Order shall issue.


Date: January 18, 2017

THEODORE D. CHUANG
United States District Judge

6